OSCN Found Document:WATSON v. STATE

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

WATSON v. STATE2025 OK CR 21Case Number: PC-2025-648Decided: 10/24/2025THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA
Cite as: 2025 OK CR 21, __ P.3d __

JOSEPH LUIS WATSON, JR., Petitioner,
v.
THE STATE OF OKLAHOMA, Respondent.

ORDER DISMISSING APPLICATION FOR
POST-CONVICTION RELIEF

¶1 Petitioner, pro se, seeks to appeal the denial of his request to apply for resentencing under the Oklahoma Survivors' Act, 22 O.S.Supp.2024, § 1090.5

¶2 Petitioner filed a Notice of Post-Conviction Appeal in the trial court on July 9, 2025. On August 15, 2025, he filed a document labeled "Defendant's Appeal for Resentencing Pursuant to the Oklahoma Survivors' Act, Okla.Stat.Tit. 22, § 1090.1, Et Seq" and "Legal Brief in Support of Petitioner's Claim Under the Oklahoma Survivor's Act."

¶3 The trial court's July 1, 2025, order is not appealable. Mr. Watson is challenging an order issued pursuant to 22 O.S.Supp.2024, § 1090.522 O.S.Supp.2024, § 1090.522 O.S.Supp.2024, § 1090.5

¶4 The district court determinations of eligibility for applying for resentencing are not appealable because the Act has specified those determinations are "without prejudice," meaning a defendant can continue to obtain relevant information and re-apply without being barred by the district court's previous denial of the right to apply or to have a hearing on the application. See 22 O.S.Supp.2024, §§ 1090.5

¶5 Only when the district court rules on the merits of the application after conducting an evidentiary hearing pursuant to 22 O.S.Supp.2024, § 1090.5See 22 O.S.Supp.2024, §§ 1090.5

¶6 Since Petitioner is not barred from again seeking permission to apply for resentencing under the Act, there is an adequate remedy available to him. Accordingly, the Petitioner's application for post-conviction relief is DISMISSED. Issuance of this order concludes these proceedings before this Court.

¶7 IT IS SO ORDERED.

¶8 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 24th day of October, 2025.

/s/___________________________________________________

GARY L. LUMPKIN, Presiding Judge

/s/___________________________________________________

WILLIAM J. MUSSEMAN, Vice Presiding Judge

/s/___________________________________________________

DAVID B. LEWIS, Judge

/s/___________________________________________________

ROBERT L. HUDSON, Judge

/s/___________________________________________________

SCOTT ROWLAND, Judge

ATTEST:

/s/_____________________

Clerk

 

 

LUMPKIN, PRESIDING JUDGE: SPECIALLY CONCUR

¶1 I join in the decision and write to point out the distinctive

character of the Oklahoma Survivors Act.

¶2 As with most acts of the Legislature relating to Post Conviction claims, like the DNA Testing Act, when a claim is filed the trial court is directed to hold a hearing. The Survivor's Act is different in that a hearing is not required until a Petitioner provides the quantum of evidence required under the Act to the trial court. As this order reveals, when a trial court fails to find sufficient evidence to hold a hearing the Petitioner is denied "without prejudice." As a result, a Petitioner may file additional requests adding evidence to support his/her claim. For this reason, it would appear to be the better practice for record purposes, that any denial of a hearing due to failure to submit the quantum of evidence required by the statute be in writing setting out the reasons the trial court finds the evidence insufficient.

¶3 By providing such a record of the proceedings the trial court both advises a Petitioner of the reasons the evidence is not sufficient and provides the trial court a historical context for any subsequent filings that come later.

The Oklahoma Supreme Court
2100 N. Lincoln Blvd., Suite 1
Oklahoma City, OK 73105